**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| STATE OF NEW MEXICO, EX REL. RAÚL TORREZ, ATTORNEY GENERAL,<br><br>                    Plaintiff,<br><br>- v. -<br><br>META PLATFORMS, INC.; INSTAGRAM, LLC; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; and MARK ZUCKERBERG,<br><br>                    Defendants. | **PLAINTIFF STATE OF NEW MEXICO'S MOTION TO EXPEDITE BRIEFING SCHEDULE ON MOTION TO REMAND**<br><br>Civil Action No. 1:23-cv-01115-DLM-KK<br><br>*Removed from First Judicial District Court, County of Santa Fe, New Mexico, Case No. D-101-CV-2023-02838* |

**PLAINTIFF STATE OF NEW MEXICO'S MOTION TO EXPEDITE BRIEFING
SCHEDULE ON MOTION TO REMAND**

Plaintiff, the State of New Mexico, now moves to expedite the briefing schedule on its motion to remand. Pursuant to Local Rule 7.1(a), the State has confirmed that Meta opposes this Motion.

This case involves claims against Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, and Mark Zuckerberg (collectively, "Defendants") for public nuisance and alleged violations of New Mexico's Unfair Practices Act, NMSA §§ 57-12-1 *et seq.*, relating to Defendants' knowing design of platforms that addict children, wreak havoc on their mental health, and expose them to sexual exploitation. *See, e.g.*, Compl. ¶¶ 1–6. The State brought only state-law causes of action, none of which present a federal question capable of conferring subject matter jurisdiction on a federal court. For this reason, Meta Platforms, Inc.,

1

Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (together, "Meta") had no valid jurisdictional basis to remove this action from state court.

After removal, Meta revealed the true motive behind its removal by immediately targeting the State's case for transfer to a federal multidistrict litigation in the Northern District of California, *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* (hereinafter "Social Media MDL"). Meta filed a "Notice of Potential Tag-Along Action" before the Judicial Panel on Multidistrict Litigation on the same day that Meta removed the State's action, and before even service was complete. *See* Notice of Potential Tag-Along Action, *In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, MDL No. 3047 (J.P.M.L. Dec. 18, 2023), Dkt. No. 321 (attached as Exhibit A). Meta has not similarly removed any other case filed by a state attorney general, despite overlapping allegations that purportedly provide the basis for removal.

Thereafter, the JPML issued a Conditional Transfer Order, stating its intention to transfer the State's action into the Social Media MDL. Conditional Transfer Order (CTO-24), *In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, MDL No. 3047 (J.P.M.L. Dec. 19, 2023), Dkt. No. 322 (attached as Exhibit B). In considering MDL transfer, the JPML does not ordinarily address the merits of motions to remand to state court when deciding whether to transfer a case to an MDL.

The State will timely oppose the Conditional Transfer Order, but if the JPML issues a final transfer order moving the State's case into the Social Media MDL before this Court has the opportunity to rule on the State's Motion to Remand, it will cause substantial prejudice to the State. In the Social Media MDL, where the State's action will be just one of more than one hundred cases

already pending, the State might be forced to wait months, or even a year or more, before the issue of its remand is finally heard and granted. *See, e.g.*, *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378 (S.D.N.Y. 2014) (remanding 19 states' consumer protection actions to state court after more than a year's delay in MDL). The State's important law enforcement action, which seeks to redress ongoing harms wrought by the Defendants, cannot afford such a delay.

It is likely that the JPML will hear the matter at its next scheduled hearing on January 25, 2024, and the JPML often issues final transfer orders within just days of its hearing sessions. For this reason, Plaintiff respectfully submits that it is critical to have its Motion to Remand heard and decided by this Court before January 25, 2024.

This Court would not have adequate time to consider the State's Motion to Remand without an expedited briefing schedule. Under the standard briefing timeline set by the Local Rules of this Court, briefing of the Motion to Remand would not be complete until January 18, 2024, just one week before the JPML hears the matter of the Conditional Transfer Order, sharply abbreviating the time available to this Court to consider the issue.

Given the circumstances, the State respectfully requests the following expedited briefing schedule:

  a. Defendants' Responses to the State's Motion to Remand shall be filed by January 2, 2024; and

  b. The State's Reply shall be filed by January 5, 2024.

The State does not request a hearing on its Motion to Remand, but if the Court would find a hearing helpful, the State respectfully requests that it take place during the weeks of January 8 or January 15, 2024.

It is well settled that district courts have broad discretion in managing their dockets. *See, e.g.*, *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015). Shortening Defendants' time to respond to the Motion to Remand by just two days, as the State proposes, will not prejudice Defendants. On the other hand, there is great risk of prejudice to New Mexico if its law enforcement action is transferred to the Social Media MDL before this Court is able to rule on its Motion to Remand, because of the delay that will result.

## CONCLUSION

For the foregoing reasons, the State requests that this Court grant the State's Motion to Expedite Briefing Schedule on the State's Motion to Remand, and set the following briefing schedule:

a. Defendants' Responses to the State's Motion to Remand shall be filed by January 2, 2024; and

b. The State's Reply shall be filed by January 5, 2024.

RESPECTFULLY SUBMITTED this 21st day of December, 2023.

> **RAÚL TORREZ**
> **ATTORNEY GENERAL OF NEW MEXICO**
>
> */s/ James W. Grayson*
> **JAMES W. GRAYSON**
> **CHIEF DEPUTY ATTORNEY GENERAL**
> New Mexico Attorney General's Office
> P.O. Drawer 1508
> Santa Fe, NM 87504-1508
> Phone: (505) 218-0850
> Email: jgrayson@nmag.gov
>
> */s/Serena R. Wheaton*
> **SERENA R. WHEATON**
> **ASSISTANT ATTORNEY GENERAL**
> New Mexico Attorney General's Office

Consumer & Environmental Protection Division
201 Third St. N.W., Suite 300
Albuquerque, NM 87102
Phone: (505) 490-4846
Email: swheaton@nmag.gov

**LINDA SINGER**
**DAVID I. ACKERMAN**
**MOTLEY RICE LLC**
401 9th St. N.W., Suite 630
Washington, D.C. 20004
Phone: (202) 232-5504
Email: lsinger@motleyrice.com
Email: dackerman@motleyrice.com
(*Pro Hac Vice* Petitions Forthcoming)

**CERTIFICATE OF SERVICE**

I certify that on December 21, 2023, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John C. Anderson
Olga M. Serafimova
Holland & Hart LLP
110 North Guadalupe, Suite 1
Santa Fe, NM 87501
jcanderson@hollandhart.com
omserafimova@hollandhart.com

Nathan E. Shafroth
Covington & Burling LLP
Salesforth Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
nshafroth@cov.com

Timothy C. Hester
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20002-4956
thester@cov.com

               */s/ Serena R. Wheaton*
               Serena R. Wheaton