**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| STATE OF NEW MEXICO, EX REL. RAÚL TORREZ, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>- v. -<br><br>META PLATFORMS, INC.; INSTAGRAM, LLC; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; and MARK ZUCKERBERG,<br><br>Defendants. | 1:23-cv-01115-DLM-KK |

**META'S OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE BRIEFING
SCHEDULE ON MOTION TO REMAND**

**INTRODUCTION**

There is no basis for the State's request for expedited briefing that would require Meta to file its opposition brief to the remand motion two days earlier than the ordinary briefing schedule.[1] On the ordinary schedule, Meta's opposition brief would be due January 4, 2024, and the State would be free to file its reply as soon thereafter as it wished. Taking the State's proposal to file its reply three days after Meta's opposition, the briefing would be complete ***one court day later*** if Meta files its opposition on January 4 rather than the State's requested date of January 2. The only effect of the State's request would be to make Meta's opposition due ***two days*** earlier, on the day after New Year's Day. The State's request for expedited briefing thus appears designed to inflict pain on Meta and its counsel over the holidays, rather than to expedite a decision on its remand motion. Even if the State's reasons for seeking a pre-January 25 remand decision had merit—which they do not—its motion for expedited briefing is unnecessary and should be denied.

The State's claims of urgency are unfounded in any event. While the normal briefing schedule would leave ample time before a potential transfer of this case to the MDL on January 25, 2024—a contingency that may not come to pass, given this case is not yet on the JPML's January calendar—the State's remand position would not be compromised by a transfer. Challenges to subject matter jurisdiction cannot be waived, and the MDL court is deeply familiar with the issues raised by the remand motion and would be, if anything, a more judicially efficient venue for resolving the State's remand motion.

---

[1] "Meta" refers to defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC. Individual defendant Mark Zuckerberg concurs in this opposition and to Meta's position on federal jurisdiction, but was not a party to the removal because he had not yet been served with the State's complaint at the time the case was removed.

**BACKGROUND**

Meta removed this action from the First Judicial District Court of County of Santa Fe, New Mexico, because the State's as-pleaded state law claims present a federal question under the federal Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501, *et seq.* ("COPPA"), such that resolution of the State's claims necessarily and inherently require resolution of a question of federal law. *See* Dkt. No. 1 (Notice of Removal); 28 U.S.C. §§ 1331 & 1441.  After removing this case, Meta filed a Notice of Potential Tag-Along Action before the Judicial Panel on Multidistrict Litigation ("JPML") to indicate the case should be consolidated with the *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* federal multidistrict litigation currently pending in the Northern District of California.  *See In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, MDL No. 3047 (J.P.M.L. Dec. 18, 2023), Dkt. No. 321.  On December 19, 2023, the JPML issued a Conditional Transfer Order, indicating it would transfer this case to the MDL. *See* Conditional Transfer Order (CTO-24), *In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, MDL No. 3047 (J.P.M.L. Dec.19, 2023), Dkt. No. 322.  That order is stayed, however, *id.*, and the State has stated its intention to oppose transfer, Dkt. 10 at 2.

On December 21, 2023, the State filed a motion to remand this case to New Mexico state court along with the instant motion to expedite briefing. *See* Dkt. 9, 10.  Pursuant to Local Rule 7.4(a), Meta's response to the State's motion to remand is due on January 4, 2024, and Plaintiff's reply is due on January 18, 2024—though the State is of course free to file that reply as soon as it wishes, following Meta's opposition.  The State requests expedited briefing such that Meta's response will be due on January 2, 2024, and proposes that its reply would be due three days later, on January 5, 2024.  The next scheduled JPML hearing is not until January 25, 2024, *see* Dkt. 10 at 3, though currently, this case is not listed on the JPML's January 25, 2024 calendar,

2

*see* Case MDL No. 2724, Dkt. 521 (U.S. JPML Notice of Hearing Session for January 25, 2024 Hearing).  The JPML holds transfer hearings every two months,[2] so its next hearing will be in late March 2024.

## ARGUMENT

I. **Expediting Briefing by Only Two Days Will Have No Material Effect on the Timing of Any Remand Decision.**

If the State's request were granted, it would expedite Meta's briefing on the remand motion by two court days.  While the ordinary briefing schedule under the Local Rules requires Meta to file its opposition on January 4, 2024, the State would have Meta file its opposition on January 2, 2024.  The State proposes to limit itself to three days to file a reply, but no order from the Court is required for the State to do that.  If the State were to file its reply on the first court day following three days from Meta's ordinary deadline of January 4, that reply would be filed on Monday, January 8, only a single court day after it would be filed under the State's proposal to expedite briefing.  Meta should not be required to work through New Year's Day just to ensure that briefing on the State's remand motion is complete 15 court days before the JPML's January 25, 2024 hearing rather than 14 court days before that hearing.

II. **The State Would Not Be Prejudiced by Transfer to the MDL in Advance of a Remand Ruling.**

The predicate for the State's motion to expedite—that it would be prejudiced if this case were transferred to the MDL before this court issued a remand decision—is unfounded.  Challenges to a court's subject matter jurisdiction cannot be waived, *see, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), so the State's remand motion will be heard and decided regardless of transfer, *see, e.g., Gerhardt v. Medtronic*, 2009 WL 6824494, at *1 (S.D. Tex. June

---

[2] *See* https://www.jpml.uscourts.gov/hearing-session-orders-archive.

3

11, 2009) (noting that "the decision on the motion to remand [could be left] to the transferee [MDL] court"); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996) ("Once transferred [to the MDL], the jurisdictional objections can be heard and resolved by a single court").

The State offers no basis for its speculation that if this case were transferred to the MDL, it "might be forced to wait months, or even a year or more, before the issue of its remand is finally heard and granted," Dkt. 10 at 3, other than anecdotal references to a small number of wholly unrelated MDL proceedings. The State's examples do not stand for any rule; to the contrary, courts have found that the JPML has authority to transfer cases to an MDL in which a jurisdictional objection is pending, underscoring that such transfers do not as a matter of course prejudice plaintiffs. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending"); *see also In re Federal Election Campaign Act Litigation*, 511 F. Supp. 821, 823-24 (J.P.M.L. 1979) (JPML panel transferred cases although they involved pending motions to dismiss for lack of subject matter jurisdiction).

The State offers no reason for why the MDL court to which *this case* would be transferred would delay hearing or decision on the State's motion to remand. Thus, even if the State's proposed schedule would meaningfully expedite a remand decision (it would not), the State has not shown that it would be prejudiced by the outcome it seeks to avoid—*i.e.*, a transfer to the MDL court with its remand motion pending.

III. **The MDL Court Is Ideally Positioned to Hear Plaintiff's Motion to Remand.**

Not only would the State face no prejudice if its remand motion were transferred to the MDL Court; the MDL court is likely better positioned than this court to decide that motion in a judicially economical way. The MDL court is already presiding over a large number of cases asserting federal COPPA claims based on factual allegations that are largely indistinguishable

4

from those in the State's Complaint—including COPPA claims and allegations brought by 33 other State Attorneys General. *See The People of the State of California, et al. v. Meta Platforms, Inc., et al.*, No. 4:23-cv-05448 (N.D. Cal.), Dkt. No. 394 at ¶¶ 105-142. Other MDL plaintiffs—adolescents alleging personal injuries because of their use of Meta's services—have amended their MDL complaint to expressly "adopt by reference" 163 paragraphs from the New Mexico Attorney General's Complaint. *See In re: Social Media Adolescent Addition/Personal Injury Prods. Liability Litig.*, 4:22-md-03047 (N.D. Cal.), Dkt. No. 494 at ¶ 391B.

The MDL court is thus already deeply familiar with the issues raised by the State's remand motion, which involve questions related to the scope of COPPA and what factual allegations implicate that federal law—issues already in litigation before the MDL court. Accordingly, there would be a benefit—in the form of judicial economy—to allowing the MDL court to consider and decide the State's remand motion. *See Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996) ("[T]he benefits of transferring [cases] to the MDL—the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources—are obvious: 'Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course.' . . . The rewards of this approach are consistency and economy."); *see also Gerhardt*, 2009 WL 6824494, at *1 (denying, without prejudice, plaintiff's motion to remand because "judicial economy would be served by staying this case and leaving the decision on the motion to remand to the transferee court," given "that the issues involved in the motion to remand are likely to be common to issues in other transferred cases."); *F.D.I.C. v. Countrywide Fin. Corp.*, 2011 WL 4372915, at *2 (D. Colo. Sept. 19, 2011) ("If the JPML unconditionally transfers this case . . . a motion to remand should be determined by the court presiding over the MDL

5

litigation, thus promoting judicial economy and reducing the risk of inconsistent rulings on similar issues.").

## CONCLUSION

For at least the aforementioned reasons, Plaintiff's motion to expedite briefing on its motion to remand should be rejected.

December 22, 2023

By: /s/ John C. Anderson
John C. Anderson
Olga M. Serafimova
HOLLAND & HART LLP
110 N. Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 988-4421
jcanderson@hollandhart.com
omserafimova@hollandhart.com

Nathan E. Shafroth (*Pro Hac Vice*)
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
nshafroth@cov.com

Timothy C. Hester (*Pro Hac Vice*)
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
thester@cov.com

Matthew Cullen (*Pro Hac Vice* Forthcoming)
COVINGTON & BURLING LLP
1999 Avenue Of The Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mcullen@cov.com

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC*

## CERTIFICATE OF SERVICE

      I certify that on December 22, 2023, I filed the foregoing electronically with the Clerk of Court using CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James W. Grayson
Chief Deputy Attorney General
Raul Torrez, Attorney General of New Mexico
New Mexico Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Phone: (505) 218-0850
Email: jgrayson@nmag.gov

Serena R. Wheaton
Assistant Attorney General
New Mexico Attorney General's Office
Consumer & Environmental Protection Division
201 Third Street NW, Suite 300
Albuquerque, NM 87102
Phone: (505) 490-4846
Email: swheaton@nmag.gov

Linda Singer
David I. Ackerman
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Email: lsinger@motleyrice.com
Email: dackerman@motleyrice.com

                                              */s/ John C. Anderson*
                                              John C. Anderson