**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| STATE OF NEW MEXICO, EX REL. RAÚL TORREZ, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>- v. -<br><br>META PLATFORMS, INC.; INSTAGRAM, LLC; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; and MARK ZUCKERBERG,<br><br>Defendants. | **PLAINTIFF STATE OF NEW MEXICO'S REPLY IN SUPPORT OF DOCUMENT PRESERVATION MOTION**<br><br>Civil Action No. 1:23-cv-01115-MIS-KK<br><br>*Removed from First Judicial District Court, County of Santa Fe, New Mexico, Case No. D-101-CV-2023-02838* |

**PLAINTIFF STATE OF NEW MEXICO'S REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING DEFENDANTS TO PRESERVE RELEVANT DOCUMENTS CONCERNING META ACCOUNTS REFERENCED IN THE COMPLAINT**

Prior to removal to this Court, the State of New Mexico filed the instant motion in state court after receiving Facebook notifications that the accounts operated by the State's investigators had been disabled and likely would be deleted. As detailed in the State's motion, the State sought assurances from Defendants (hereinafter, "Meta") that it would preserve "all data associated with those accounts" (as well as other accounts referenced in the Complaint or that Meta took action against as a result of the State's allegations). Meta refused to provide those assurances. The State's motion articulated the crucial question at the heart of the State's concern: "The State does not know the universe of information *Meta possesses* concerning these accounts; nor can it ascertain what information Meta will deem 'not relevant' and delete pursuant to the notices issued to the

1

account-holders." (Motion at ¶ 12). Meta's opposition still fails to answer (or even address) this basic question, and thus the State's motion should be granted.

Despite Meta's complaints about the scope of the State's request, its opposition cannot escape two basic tenets: (1) Meta's obligation to preserve documents extends to documents and data that it "should have known" was "relevant to future litigation;"[1] and (2) all data related to the investigator's accounts, other accounts referenced in the Complaint, or accounts that Meta took action against because of the State's allegations is relevant and therefore should be preserved. Meta's opposition devotes significant time to the first proposition, which is essentially undisputed. But Meta fails to address the second point at all. It does not explain what data Meta possesses other than the account contents described in its motion. Nor does it attempt to explain why other data related to the accounts would not somehow be relevant or why it would otherwise be burdensome or unreasonable to preserve that data.

With respect to the second point, Defendants' own cited caselaw makes clear that the State's request is not overbroad or otherwise improper. In *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Services*, No. 1:12-cv-00526 MV/GBW, 2017 WL 3535293 (D.N.M. Aug. 16, 2017), cited at page 7 of Meta's opposition, the court confirmed that a litigation hold that "directed [employees] to retain documents and data 'that mention or discuss or relate to any of' an exhaustive list of subjects" was sufficient. *Id.* at *3. The State's request is consistent with this holding; indeed, it is less onerous. The State has not insisted preservation of all data relating to "an exhaustive list of subjects," but rather only data relating to user accounts

---

[1] *Browder v. City of Albuquerque*, 187 F. Supp. 3d 1288, 1294 (D.N.M. 2016) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).

2

that are certain to be at the heart of this dispute: the accounts used by the State's investigators and the unknown universe of accounts that Meta investigated or disabled as a result of the State's allegations because they were involved in violative conduct.[2]

Meta's opposition rests largely on its assertion that it is not required to preserve irrelevant information.[3] But the scope of "relevant" information extends beyond the account contents that Meta describes in its brief and attached declarations. "Federal courts construe discovery rules liberally to [e]nsure a litigant's right to discovery is broad and flexible." *Shaw & Assocs., Inc. v. Am. Contractors Indemn. Co.*, No. CIV 04-0123 WJ/DJS, 2006 WL 8443864, at *10 (D.N.M. Sept. 20, 2006). Thus, "[t]he test of relevance is significantly broader at the discovery stage." *Id.*

This broad relevance test encompasses all data associated with the accounts at issue in this litigation. It appears near certain that discovery will involve requests concerning the accounts established by the State's investigators and the accounts established by third parties engaged in illegal and disturbing conduct. And it is equally certain that discovery will require identification and production of information beyond just the contents of those accounts. For example, are there historical records of reports by third parties concerning the violative accounts? Are there records

---

[2] For this reason, the cases Meta cites in its opposition are inapplicable because they involve preservation requests that are vastly broader and/or ill-defined. In *Rodriguez v. Google LLC*, No. 20-cv-04688-RS (AGT), 2021 WL 8-85492 (N.D. Cal. Dec. 1, 2021), for example, the plaintiff requested that Google preserve all data from "Firebase-powered apps," which totaled "on average, 135 billion entries" per day. *Id.* at *1. In *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063 (C.D. Cal. 2009), the plaintiff requested a broad preservation order covering "all information relevant to the Complaint." *Id.* at 1073. Similarly, in *Treppel v. Biovail Corp.*, 233 F.R.D. 363 (S.D.N.Y. 2006), "the stipulation that the plaintiff originally proposed to Biovail was sweeping" and required preservation of data on devices without reference to topics. *Id.* at 372. The court thus rejected this request for a "blanket preservation order."

[3] *See, e.g.*, Opposition at 9 ("These efforts more than satisfy Meta's obligation to take reasonable and proportional steps to identify and preserve *relevant* information.") (emphasis in original).

of internal investigations concerning these accounts? Are there records of review of content posted by or involving these accounts? The State is hard pressed to imagine a type of data related to these accounts that would not be deemed relevant to the claims or defenses in this action. Certainly, Meta's opposition does not identify any.

All these topics will be captured in the State's discovery requests, and the Facebook notices the State's investigators received threatening that the investigators' accounts will be "permanently disabled" were unclear as to what information would be preserved and what information would be destroyed. Thus, as noted, the central question at the heart of the State's motion remains unanswered: If Meta is refusing to preserve "all data" related to the at-issue accounts, what is the subset of data that Meta is refusing to preserve? During the parties' December 26, 2023 discussion, this was precisely the question that the State's counsel posed to Meta: Would Meta be willing to stipulate that "all data" related to the accounts had been preserved? Meta never responded. (*See* attached Declaration of David I. Ackerman, ¶¶ 2-4). As a result, the State did not withdraw its motion following the parties' discussion.

Notably, Meta's 12-page opposition fails to address this central question. Although the brief describes the steps Meta has taken to preserve the *contents* of the so-called "violating accounts," the opposition stops there. Meta does not explain what other data it possesses concerning those accounts. Meta does not explain why data other than the contents of the accounts would be irrelevant; nor does it explain why it would be unreasonable or burdensome to preserve this unexplained and unknown set of data. If additional data doesn't exist, Meta could have advised the State and the Court of that fact. It did not.

In these circumstances, given Defendants' vague Facebook notices threatening "permanent disabl[ing]" of the investigators' accounts, the State submits that it is appropriate for the Court to enter an order requiring Meta to preserve all data related to its investigators' accounts and any other accounts that Meta investigated or disabled as a result of the State's allegations.

RESPECTFULLY SUBMITTED this 18th day of January, 2024.

**RAÚL TORREZ**
**ATTORNEY GENERAL OF NEW MEXICO**

By counsel,

*/s/ Linda Singer*
**LINDA SINGER** *(Pro Hac Vice)*
**DAVID I. ACKERMAN** *(Pro Hac Vice)*
**MOTLEY RICE LLC**
401 9th St. N.W., Suite 630
Washington, D.C. 20004
Phone: (202) 232-5504
Email: lsinger@motleyrice.com
Email: dackerman@motleyrice.com

**JAMES W. GRAYSON**
**CHIEF DEPUTY ATTORNEY GENERAL**
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Phone: (505) 218-0850
Email: jgrayson@nmag.gov

**SERENA R. WHEATON**
**ASSISTANT ATTORNEY GENERAL**
New Mexico Department of Justice
Consumer & Environmental Protection Division
201 Third St. N.W., Suite 300
Albuquerque, NM 87102
Phone: (505) 490-4846
Email: swheaton@nmag.gov

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2024, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John C. Anderson
Olga M. Serafimova
Holland & Hart LLP
110 North Guadalupe, Suite 1
Santa Fe, NM 87501
jcanderson@hollandhart.com
omserafimova@hollandhart.com

Nathan E. Shafroth
Covington & Burling LLP
Salesforth Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
nshafroth@cov.com

Timothy C. Hester
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20002-4956
thester@cov.com

*Counsel for Defendants Meta Platforms, Inc.;*
*Instagram, LLC; Meta Payments, Inc.;*
*Meta Platforms Technologies, LLC;*
*and Mark Zuckerberg*

                                                */s/ Linda Singer*
                                                Linda Singer