IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, EX REL. RAÚL TORREZ, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>- v. -<br><br>META PLATFORMS, INC.; INSTAGRAM, LLC; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; and MARK ZUCKERBERG,<br><br>Defendants. | **DECLARATION OF DAVID I. ACKERMAN**<br><br>Civil Action No. 1:23-cv-01115-MIS-KK<br><br>*Removed from First Judicial District Court, County of Santa Fe, New Mexico, Case No. D-101-CV-2023-02838* |

### DECLARATION OF DAVID I. ACKERMAN IN SUPPORT OF PLAINTIFF STATE OF NEW MEXICO'S MOTION FOR ORDER REQUIRING DEFENDANTS TO PRESERVE RELEVANT DOCUMENTS CONCERNING META ACCOUNTS REFERENCED IN THE COMPLAINT

Pursuant to 28 U.S.C. § 1746, I, DAVID I. ACKERMAN, declare under penalty of perjury as follows:

1. I am a Member of the law firm Motley Rice LLC and outside counsel to the State of New Mexico in this litigation. I am admitted *pro hac vice* in this action. I make this declaration in support of Plaintiff's Motion for Order Requiring Defendants to Preserve Relevant Documents Concerning Meta Accounts Referenced in the Complaint (the "Document Preservation Motion"). The information set out in this declaration is based on my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. On December 26, 2023, I participated in a video conference with counsel for Meta concerning the State's Document Preservation Motion. During that call, Meta's counsel explained

the steps they were in the process of taking in order to preserve account contents for the at-issue user accounts (including accounts referenced in the State's Complaint).

3. Near the conclusion of the call, Meta requested that the State withdraw the Document Preservation Motion. In response, I responded that the State still had questions as to whether Meta possessed any other data regarding these accounts, and whether that data would be preserved. I requested that Meta's counsel stipulate that their described efforts encompassed all data relevant to the accounts, and, if not, that Meta explain what data they were not preserving.

4. Meta never responded to the State's request, and I am not aware of any further communications concerning the Document Preservation Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 18, 2024

_____
David I. Ackerman