IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **STATE OF NEW MEXICO, EX REL., RAÚL TORREZ, ATTORNEY GENERAL,**<br><br>**Plaintiff,**<br><br>- v. -<br><br>**META PLATFORMS, INC.; INSTAGRAM, LLC; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; and MARK ZUCKERBERG,**<br><br>**Defendants.** | Civ. No. 1:23-1115-MIS-KK |

## META'S MOTION FOR EXTENSION OF PAGE LIMIT IN CONNECTION WITH MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to D.N.M.LR-Civ. 7.5(a), Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (collectively, "Meta") respectfully move this Court for a page-limit extension in connection with briefing on an expected Motion to Dismiss Plaintiff's Amended Complaint. Specifically, Meta seeks an extension such that its opening memorandum and Plaintiff's response brief may be up to 45 pages in length, and Meta's reply brief may be up to 22 pages in length. As grounds, Meta states as follows:

1. D.N.M.LR-Civ. 7.5(a) imposes a 27-page limit on briefs filed in support of motions. The Court may, in its discretion, extend those page limits. *See Navajo Health Found. -- Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1181 (D.N.M. 2015) (noting that the Court may extend page limitations upon motion).

2. Plaintiff's Amended Complaint is 253 pages in length, containing more than 560 paragraphs and four causes of action. The Amended Complaint contains extensive factual allegations that give rise to complex legal issues to be addressed on a motion to dismiss.

3. In connection with Meta's motion to dismiss Plaintiff's original complaint (ECF No. 19), Judge Khalsa granted Meta's unopposed motion for a page extension which permitted Meta to file an opening brief up to 35 pages in length, and a response brief not to exceed 17 pages in length. *See* ECF No. 11.

4. Plaintiff's Amended Complaint reiterates all allegations contained in the original complaint but adds numerous additional factual allegations in support of its claims. *See, e.g.,* ECF No. 26 at ¶¶ 26, 54-55, 175, 214, 222-28.

5. The Amended Complaint also adds an entirely new theory of Meta's liability under the Unfair Practices Act, suggesting that Meta's alleged conduct has injured Meta's advertisers, including Match Group and Walmart. *See id* at ¶¶ 4, 437-55, 500-01, 516, 538.

6. Plaintiff's Amended Complaint also adds factual allegations intended to support Plaintiff's claim of personal jurisdiction over Meta. *See id.* at ¶ 18, 22.

7. Meta's motion to dismiss the Amended Complaint must address both the allegations carried over from the original complaint, as well as the new legal theories and factual allegations added through the Amended Complaint. Adequately addressing the totality of these allegations on a motion to dismiss justifies a modest increase of 10 pages beyond the page extension that the Court previously granted on Meta's opening brief, and five pages beyond the extension granted on Meta's reply brief.

8. Meta's motion finds support in case law from this district discussing factors to be considered on a motion for a page extension. *See Navajo Health Found.—Sage Mem'l Hosp.*, 110 F. Supp. 3d at 1181-82 (discussing factors to be considered on motion for page extension, including "the complexity of the brief's subject matter"). Review of

Meta's motion to dismiss Plaintiff's original complaint also makes clear that Meta has "exercised editorial efficiency." *Id.* at 1182. Meta fully intends do the same on its forthcoming motion.

9. By the filing this motion, Meta does not waive or prejudice any defense to the claims in the action.

10. Plaintiff has been contacted concerning its position on this motion and has advised that it opposes the relief sought herein. Plaintiff had agreed not to oppose a motion for a page extension permitting submission of a motion up to 40 pages in length but declined to grant the 45 pages Meta now requests and believes necessary to adequately explain its position.

## CONCLUSION

For the foregoing reasons, Meta respectfully requests that this Court grant it leave to file a Motion to Dismiss Plaintiff's Amended Complaint not to exceed 45 pages in length, with a corresponding extension permitted on Plaintiff's response, and a reply brief not to exceed 20 pages in length.

DATED: January 22, 2024

Respectfully submitted,

**HOLLAND & HART LLP**

By: */s/ John C. Anderson*
John C. Anderson
Olga M. Serafimova
110 North Guadalupe, Suite 1
Santa Fe, New Mexico 87501
Tel: 505.988.4421
jcanderson@hollandhart.com
omserafimova@hollandhart.com

- and –

3

**COVINGTON & BURLING LLP**

*/s/ Nathan E. Shafroth*
Nathan E. Shafroth *(pro hac vice)*
California Bar No. 232505
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel: (415) 591-7053
nshafroth@cov.com

Timothy C. Hester *(pro hac vice)*
District of Columbia Bar No. 370707
One City Center
850 Tenth Street, NW
Washington, DC 20002-4956
Tel: (202) 662-5324
thester@cov.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 22, 2024, I filed the foregoing electronically with the Clerk of Court using CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James W. Grayson
Chief Deputy Attorney General
Raul Torrez, Attorney General of New Mexico
New Mexico Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Phone: (505) 218-0850
Email: jgrayson@nmag.gov

Serena R. Wheaton
Assistant Attorney General
New Mexico Attorney General's Office
Consumer & Environmental Protection Division
201 Third Street NW, Suite 300
Albuquerque, NM 87102
Phone: (505) 490-4846
Email: swheaton@nmag.gov

Linda Singer
David I. Ackerman
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Email: lsinger@motleyrice.com
Email: dackerman@motleyrice.com

/s/ *John C. Anderson*
John C. Anderson