IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, EX REL., RAÚL TORREZ, ATTORNEY GENERAL,<br><br>The State,<br><br>- v. -<br><br>META PLATFORMS, INC.; INSTAGRAM, LLC; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; and MARK ZUCKERBERG,<br><br>Defendants. | Civ. No. 1:23-1115 MIS-KK |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TWO-WEEK EXTENSION OF TIME TO RESPOND TO MOTIONS TO DISMISS**

Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, and Mark Zuckerberg (collectively "Defendants"), hereby respond in opposition to the Motion of the State of New Mexico (the "State") for Two-Week Extension of Time to Respond to Motions to Dismiss and Uncontested Motion to Expedite Briefing.  ECF No. 41.

**I.      Introduction**

The State's motion fails to establish good cause to grant the requested extension of time. The good cause standard requires the State to show that it cannot meet the current deadline even with the exercise of due diligence.  Yet the State does not even allege, let alone establish, its inability to meet that deadline.  For this reason alone, the State's motion should be denied.

In evaluating the State's motion, however, this Court may also consider the State's own treatment of Defendants' requests for similar extensions of time over the short life of this case to

date. Since the inception of this litigation, Meta has made every effort to foster a cooperative and productive relationship with opposing counsel. Those efforts notwithstanding, to this point the State has demonstrated a marked refusal to grant reasonable timing accommodations to Meta, with the result that Meta employees and counsel have been required to work over the holidays to meet deadlines that had no true significance for the State. Because time extensions must be a two-way street, Meta is compelled to oppose the State's motion and the Court also may properly consider these facts in deciding the State's motion.

**II.    Argument**

**A.    The State Has Failed to Allege or Establish that It Cannot Meet Its Current Deadline.**

The State's motion for extension of time must be tested under the "good cause" standard set forth in Federal Rule of Civil Procedure 6(b). *See Candelaria v. Molina Healthcare, Inc.*, 2019 U.S. Dist. LEXIS 163088, at *11 (D.N.M. Sep. 24, 2019) (noting that "a showing of good cause is required" under Rule 6(b)). As the State correctly acknowledges, this standard "requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (quoting *Gorsuch, Ltd., B.C., v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

The State has failed to make such a showing here. The State does not argue that it cannot meet the current deadline despite diligent efforts, and instead says only that "[i]t will take significant time and effort to respond to [Meta's] motions." ECF. No. 41 at 3. That may be so, but the State is amply equipped to meet that challenge. The State is represented by counsel from the New Mexico Department of Justice and the law firm of Motley Rice, which advertises itself as

"one of the nation's largest plaintiffs' litigation firms." These combined entities surely have the resources necessary to meet the current deadline.[1]

The State notes that "Defendants have filed lengthy, complex briefs that require significant analysis in order to respond." *Id.* at 2. But as the State also acknowledges, most of Defendants' arguments were also included in their prior motion to dismiss the State's original complaint, filed on December 27, so the State already had a head start on responding to these arguments. *Id.* at 5. In fact, it is quite apparent that the State's amended complaint was drafted with those arguments in mind.

The State contends that an extension is warranted because it "could not predict which arguments Defendants would withdraw (if any) in their second round of arguments in light of the State's Amended Complaint." *Id.* at 6. But since the State's Amended Complaint includes the same allegations contained in its original complaint (augmented with new material), it was predictable that Defendants would renew the arguments from their original motions to dismiss. For this reason, there is no basis for the State's suggestion that Defendants' motions are replete with new arguments that the State has not previously considered.

In sum, the State has failed to allege, let alone establish, that it cannot meet the current deadline despite the exercise of diligence.

### B. The State Has Refused Meta's Requests for Extensions of Time.

Meta wishes to conduct this litigation in a cooperative spirit, and has sought reasonable accommodations from the State on the timing for briefing on Meta's motion to dismiss the State's

---

[1] The State cites to *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) for the proposition that extensions of time should be liberally granted. ECF No. 41 at 2. In stark contrast to the resources available to the State in this case, *Rachel* involved a request for an extension of time in a lawsuit filed by a state prisoner who "had access to a prison law library for only a few hours per week." 820 F.3d at 392.

original complaint and the State's original remand motion. In the other State AG cases that the State cites in its motion, Mot. at 3, the state plaintiffs had no objection to working with Meta to reach stipulated motion-to-dismiss schedules that provided reasonable extensions to the briefing deadlines of ***both*** the plaintiffs ***and*** Meta.[2] But here, uniquely, the State refused any such accommodations, insisting that the litigation had to move ahead without any delays in deadlines. As a consequence, Meta and its counsel were obliged to prepare motion to dismiss and remand opposition briefs over the Christmas weekend and New Year's weekend, only to have those briefs rendered moot by the State's filing of an amended complaint in early January. Given that history, it rings hollow for the State now to seek an extension of time on its deadline.

In particular, Meta removed this action to federal court on December 18, 2023, ECF No. 1, which meant that its response to the State's complaint fell due on December 27, 2023. The same day it removed the case, Meta's counsel proposed to the State that the parties defer briefing on the motion to dismiss until resolution of the motion to transfer this case to the MDL (or remand to state court), since under either scenario the motion to dismiss would need to be re-briefed. The following day, the State's counsel responded by email refusing the requested extension, stating that "***we do not believe an extension of the MTD schedule is appropriate or necessary***." As a result, Meta and its counsel were forced to work over the Christmas holiday weekend preparing their motion to dismiss for filing on December 27, 2023.

---

[2] In Utah, the four-week extension the State notes Utah received was matched by a four-week extension to Meta's responsive pleading deadline. Massachusetts provided Meta over eight weeks from service to file its motion to dismiss, in exchange for the six weeks it received to oppose that motion. The District of Columbia agreed to give Meta more than a five-week extension to its responsive pleading deadline, and the deadlines set by the MDL court also allowed Meta over eight weeks from service to file its motion to dismiss.

Likewise, when the State filed a motion to remand on December 21, 2023, ECF No. 9, the State filed a contemporaneous motion to expedite briefing on the remand motion, asking that Meta's response be filed by January 2, 2024—only two days before the ordinary course due date of January 4, 2024. *See* ECF No. 10 at 3. Meta's counsel asked the State to reconsider its motion to expedite, noting that it served no reasonable purpose to seek expedited briefing by just two days, and that this would require Meta and its counsel to devote time and resources to this briefing over the New Year's weekend. The State refused, asserting that this expedited schedule was needed to ensure that remand was resolved before a decision on transfer to the MDL. But after the JPML issued an order on December 27, 2023 reflecting that it would not decide transfer until its hearing in late March, the State nonetheless argued that expedited briefing was appropriate because "removal of this proceeding to federal court has frustrated the State's efforts to move this case forward." ECF. No. 18 at 1. Because Meta did not know whether the State's motion for expedited briefing would be granted, Meta's counsel worked over the New Year's weekend to prepare the opposition to remand.

After insisting on deadlines that required Meta and its counsel to file motions and oppositions over the Christmas weekend and New Year's weekend, the State then mooted those motion papers by filing an amended complaint in early January. Further, the State took the position with Meta that no extension of the briefing schedule on the motion to dismiss was "appropriate or necessary." Meta regrets burdening the Court with this history, but it bears on the State's current request for an extension after refusing reasonable accommodations to Meta and its counsel.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny the State's motion for extension of time.

Dated: January 31, 2024

By: */s/ John C. Anderson*

John C. Anderson
Olga M. Serafimova
HOLLAND & HART LLP
110 N. Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 988-4421
jcanderson@hollandhart.com
omserafimova@hollandhart.com

Nathan E. Shafroth (*Pro Hac Vice*)
nshafroth@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
nshafroth@cov.com

Timothy C. Hester (*Pro Hac Vice*)
thester@cov.com
Covington & Burling LLP
One CityCenter 850 Tenth Street, NW ·
Washington, DC 20001-4956
Telephone: +1 (202) 662-6000
thester@cov.com

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC and Mark Zuckerberg*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2024, a copy of the foregoing was filed through the court's CM/ECF system, causing it to be served by electronic mail upon the following:

James W. Grayson
Chief Deputy Attorney General
Raul Torrez, Attorney General of New Mexico
New Mexico Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Phone: (505) 218-0850
Email: jgrayson@nmag.gov

Serena R. Wheaton
Assistant Attorney General
New Mexico Attorney General's Office
Consumer & Environmental Protection Division
201 Third Street NW, Suite 300
Albuquerque, NM 87102
Phone: (505) 490-4846
Email: swheaton@nmag.gov

Linda Singer
David I. Ackerman
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Email: lsinger@motleyrice.com
Email: dackerman@motleyrice.com

                                              */s/ John C. Anderson*
                                              John C. Anderson