IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,
ex rel. Raul Torrez, Attorney General,

    Plaintiff,

v.

                                                   1:23-cv-01115-MIS-KK

META PLATFORMS, INC.,
INSTAGRAM, LLC,
META PAYMENTS, INC.,
META PLATFORMS TECHNOLOGIES, LLC,
and MARK ZUCKERBERG,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiff State of New Mexico's Corrected Renewed Motion to Remand, ECF No. 30, filed January 17, 2024. Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, and Mark Zuckerberg filed a Response on January 31, 2024, ECF No. 53, to which Plaintiff filed a Reply on February 2, 2024, ECF No. 59. Upon review of the Parties' submissions, the record, and the relevant law, the Court **GRANTS** the Motion to Remand.

    **I.**    **Background**

Plaintiff, the State of New Mexico ("New Mexico" or "State") filed a Complaint in the First Judicial District Court for the County of Santa Fe, New Mexico, against Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, and Mark Zuckerberg (collectively, "Defendants" or "Meta"). ECF No. 1-2. The Complaint generally alleges that Defendants tell the public that Meta's social media platforms are safe and good for children when they knowingly expose children to the dangers of sexual exploitation and mental

health harm. Id. ¶ 1. It alleges that "Meta's business model of profit over child safety and business practices of misrepresenting the amount of dangerous material and conduct to which its platforms expose children violates New Mexico law." Id. ¶ 6.

The Complaint contains four causes of action: Counts I, II, and III allege violations of New Mexico's Unfair Practices Act ("UPA"), N.M. Stat. Ann. § 57-12-1 to -26, and Count IV alleges a public nuisance under N.M. Stat. Ann. § 30-8-81 and New Mexico common law. Id. ¶¶ 489-560.

On December 18, 2023, Defendants filed a Notice of Removal invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1 ¶ 14. Therein, Defendants assert that New Mexico's claims arise under federal law, id. ¶¶ 15-41, and specifically, the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501, et seq., and the Federal Trade Commission's "COPPA Rule," 16 C.F.R. § 312.1, et seq., which "requires parental notification and consent before obtaining personal information from children[,]" id. ¶ 8.

New Mexico subsequently filed an Amended Complaint which contains the same four state law causes of action as the original Complaint, and no additional causes of action. ECF No. 64.[1] Relevant to the instant dispute, Counts I and II allege, inter alia, that Defendants illegally collect and use data from users of their platforms under the age of thirteen. Id. ¶¶ 501(j), 519.

On January 17, 2024, New Mexico filed the instant Motion to Remand. ECF No. 30. Defendants filed a Response, ECF No. 53, to which New Mexico filed a Reply, ECF No. 59.

---

[1] New Mexico originally filed its Amended Complaint on January 9, 2024. ECF No. 26. Thereafter, the Court permitted New Mexico to file a less-redacted, but otherwise identical, version of the Amended Complaint. See ECF No. 57. Thus, the Court cites to the less-redacted version of the Amended Complaint, ECF No. 64, even though it was filed after New Mexico filed its Motion for Remand, ECF No. 30.

**II.     Legal Standard**

Federal district courts "are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377 (citations omitted).

This case was removed pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original Jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish either that: (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Firstenberg v. City of Santa Fe, N.M., 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1232 (10th Cir. 2006)) (internal quotation marks omitted). "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." Id. (quoting Gilmore v. Weatherford, 694 F.3d 1160, 1170-72 (10th Cir. 2012)).

"The well-pleaded complaint rule makes the plaintiff the 'master' of his claim." Id. (quoting Nicodemus, 440 F.3d at 1232). "The plaintiff can elect the judicial forum—state or federal—based on how he drafts his complaint. Although he 'may not circumvent federal

3

jurisdiction by omitting federal issues that are essential to his . . . claim,' he can nevertheless 'avoid federal jurisdiction by exclusive reliance on state law[.]'" Id. (quoting Nicodemus, 440 F.3d at 1232). "Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law." Id. (quoting Turegeau v. Admin. Rev. Bd., 446 F.3d 1052, 1060 (10th Cir. 2006)) (internal quotation marks omitted).

### III.     Discussion

New Mexico argues that its claims do not "arise under" federal law. ECF No. 30 at 5. It argues that although the Amended Complaint references COPPA, its claims do not arise under COPPA and, in fact, the Amended Complaint explicitly disclaims a COPPA cause of action. Id. at 5-6 (citing ECF No. 64 ¶ 519). It argues that COPPA is relevant to New Mexico's claims because "any violation of COPPA is also a violation of New Mexico state law." Id. at 8 (citing N.M. Stat. Ann. § 57-12-4 (1967); New Mexico, ex rel. Balderas v. Preferred Care, Inc., 158 F. Supp. 3d 1226, 1231-33 (D.N.M. 2015)). New Mexico further argues that "none of the State's claims necessarily depends on whether Meta violated COPPA" because the Amended Complaint "alleges numerous other instances of Meta's conduct that constitute 'unfair or deceptive' or 'unconscionable' trade practices within the meaning of the UPA or, separately, give rise to a public nuisance." Id. at 9 (citing ECF No. 64 ¶¶ 516-17, 522). It argues that because it can prove its claims through any one of these practices, its claims do not arise under federal law. Id. at 10 (citing Tichenor v. N.M. Title Loans, Inc., Civ. No. 15-810 MV-LF, 2016 WL 10538830, at *5 (D.N.M. May 2, 2016) (citing Russo v. Ballard Med. Prods., 550 F.3d 1004, 1009-10 (10th Cir. 2008)); New Mexico, ex rel. Balderas v. ITT Educ. Servs., Inc., CIV No. 14-0321 KG/KK, 2015 WL 13662784, at *2 (D.N.M. June 30, 2015)). New Mexico further argues that Defendants are attempting to acquire federal question jurisdiction by asserting a federal defense—and specifically,

4

that COPPA bars the State from regulating commercial activities in a way that is inconsistent with COPPA. Id. at 10-11 (citing Gallup Med Flight, LLC v. Builders Tr. of N.M., 240 F. Supp. 3d 1161, 1204 (D.N.M. 2017)). The State further argues that its claims do not present a "substantial question" of federal law. Id. at 11-13. Finally, the State argues that Defendants' removal is objectively unreasonable and a frivolous delay tactic, and asserts that the Court is authorized to award the State attorneys' fees and costs incurred as a result of the removal under 28 U.S.C. § 1447(c). Id. at 13-16.

Defendants argue that a federal question is embedded in the State's UPA claim because the Amended Complaint "pleads that Meta has engaged in 'practices in violation of COPPA'—a federal law—and that this constitutes unfair practices under New Mexico law."[2] ECF No. 53 at 3.

---

[2] Defendants' Response cites only two paragraphs from the Amended Complaint that, according to them, demonstrate that the State has necessarily raised a federal issue. First, Paragraph 355—which is a background factual allegation—alleges:

> Meta's platforms lack sufficient parental controls and notifications. For example, the FTC's COPPA Rule, 16 C.F.R. § 312.1 et seq., requires parental notification and consent before obtaining personal information from children. The Rule makes clear that this provision applies when the entity, like Meta, has actual knowledge that its services are used by individuals under the age of 13. As described above, Meta possesses this knowledge. However, instead of complying with this attribute of COPPA, Meta ignores its knowledge and does not require any parental consent from users, thus preventing parents from taking action if their underage child is using, misusing, or overusing Meta's platforms. Notably, Meta employs no age verification upon signup other than a user's manual input of their date of birth, and Meta is aware that underage users often use false dates of birth in order to gain access to their systems.

ECF No. 64 ¶ 355. Second, Paragraph 519—which falls under Count II—alleges:

> Because Meta lacks and historically lacked effective age verification, Meta has obtained data from children under 13-years old in violation of public policy, because Meta failed to provide notice and seek consent from parents before it collected or used personal information from children. This constitutes an unfair practice under the UPA because the protection of children under the age of 13 from online abuse and the collection of their personal information is a well-established objective underlying public policy nationally and in New Mexico. To avoid any doubt, the State does not assert a claim pursuant to its authority to enforce the Children's Online Privacy Protection Act ("COPPA"), but asserts instead that Meta's practices in violation of COPPA constitute unfair practices under New Mexico law.

Id. ¶ 519.

5

They argue that the Amended Complaint presents a substantial question of federal law that satisfies the four-part test for federal question jurisdiction espoused in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 313-14 (2005). Id. at 6-19. Finally, it argues that the Court should deny the State's request for attorneys' fees. Id. at 19-20.

In its Reply, the State argues that the Amended Complaint does not present a substantial question of federal law, and that none of the Grable factors are satisfied. ECF No. 59 at 2-11.

The Court finds that New Mexico's claims do not arise under federal law. First, federal law does not create the causes of action asserted in the Amended Complaint—and Defendants do not argue otherwise. Counts I, II, and III allege violations of New Mexico's Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 to -26, and Count IV alleges a public nuisance under N.M. Stat. Ann. § 30-8-81 and New Mexico common law. Id. ¶¶ 489-560. Federal law does not create any of these causes of action.

Second, resolution of New Mexico's right to relief does not necessarily depend on resolution of a substantial question of federal law. As previously stated, "[t]he 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." Firstenberg, 696 F.3d at 1023 (quoting Gilmore, 694 F.3d at 1170-72). A state law claim presents a substantial question of federal law only if a federal law issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013) (synthesizing the standard espoused in Grable, 545 U.S. at 313-14).

The Court finds that a federal law issue is not necessarily raised because the State's claims do not require proof of a federal law violation. The Amended Complaint alleges several "unfair and deceptive" or "unconscionable" trade practices and nuisances that are not COPPA violations.

6

See, e.g., Am. Compl. ¶ 500(a)-(n) (alleging that Defendants violated UPA by "engag[ing] in misrepresentations, omissions, and/or active concealment to advertisers, news media and the general public, including New Mexico children, that falsely and misleadingly asserted" various things that do not amount to the unlawful collection, use, and/or disclosure of personal information from and about children on the internet under COPPA or the FTC's COPPA Rule); id. ¶ 501(a)-(i), (l) (alleging that Defendants violated UPA by "fail[ing] to disclose the harmful effects, content, and activities on its platforms, including" various failures that do not amount to the unlawful collection, use, and/or disclosure of personal information from and about children on the internet under COPPA or the FTC's COPPA Rule); id. ¶ 516 ("Defendants' acts and practices, including (i) Defendants' repeated failure to act upon, inhibit, remove, or otherwise restrict access to illicit and/or illegal content constituting human trafficking and/or distribution or solicitation of CSAM [Child Sex Abuse Material], (ii) Defendants' failure to design the platforms to restrict such content, and (iii) Defendants' failure to properly ensure that advertisers' advertisements are not placed in connection with offending material are offensive to public policy, as defined by statute and common law."); id. ¶ 517 ("Defendants' design of their platforms to re-distribute and amplify CSAM and to facilitate connecting and monetizing networks of predators soliciting or distributing or seeking to distribute CSAM and/or engage in human trafficking are directly contrary to public policy that prohibit this trade."); id. ¶ 522 ("Defendants' unfair and/or unconscionable practices include, but extend beyond, developing an illegal market for inherently unlawful activity involved in obtaining and selling CSAM and the commercial sexual exploitation of children."); id. ¶ 548 ("Internet-facilitated human trafficking, distribution of CSAM and other illicit material over the internet, and social media addiction and its impact on the social and mental wellbeing of New Mexico teens and adolescents are a public nuisance in New Mexico . . . ."). The State can prove

7

its claims through any of these practices by referring solely to New Mexico substantive law and without regard to any COPPA violations. Consequently, their claims do not necessarily raise a federal law issue, and federal question jurisdiction does not lie. See Preferred Care, 158 F. Supp. 3d at 1230-31 (finding that the State's claim under New Mexico's Fraud Against Tax Payers Act did not necessarily raise a federal issue because the claim was predicated on alternate theories, one of which could be proven "by referring solely to New Mexico substantive law"); id. at 1233 (finding that the State's claim under New Mexico's Medicaid Fraud Act did not necessarily raise a federal issue because the State could recover "by relying entirely on state law"); see also Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1211 (10th Cir. 2012) (holding that "a possibility that a federal issue might arise . . . is not enough"); Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 164 (3d Cir. 2014) (stating that if a plaintiffs' claims are "partially predicated on federal law, federal law would still not be necessarily raised") (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each.")).

Although the Amended Complaint alleges violations of New Mexico's UPA that may also be violations of COPPA, a court would not need to find that Meta violated COPPA in order to find that Meta violated New Mexico's UPA. By way of background, federal law deems violations of COPPA—and the regulations promulgated thereunder by the Federal Trade Commission—to be unfair and deceptive acts or practices. 15 U.S.C. § 6502(c). New Mexico's UPA prohibits "[u]nfair or deceptive trade practices," N.M. Stat. Ann. § 57-12-3, and defines that term, in relevant part, as any "false or misleading oral or written statement" that is "made in connection with the . . . sale, lease, rental or loan of goods or services" that "may, tends to or does deceive or mislead

8

any person[.]" N.M. Stat. Ann. § 57-12-2(D).  New Mexico's UPA also provides that in interpreting UPA's terms, "courts to the extent possible will be <u>guided</u> by the interpretations given by the federal trade commission . . . [.]" N.M. Stat. Ann. § 57-12-4 (emphasis added).

As such, a court (or jury) deciding whether Meta's conduct violated New Mexico's UPA will be required to determine whether Meta's conduct constituted a "false or misleading oral or written statement" that was "made in connection with the . . . sale, lease, rental or loan of goods or services" that "may, tends to or does deceive or mislead any person[.]"  N.M. Stat. Ann. § 57-12-2(D).  Although the FTC's COPPA Rule will <u>guide</u> the court's (or jury's) inquiry "to the extent possible[,]" N.M. Stat. Ann. § 57-12-4, the ultimate question is whether Meta engaged in "[u]nfair or deceptive trade practices[,]" as defined by New Mexico's UPA, N.M. Stat. Ann. § 57-12-2(D), <u>not</u> whether Meta engaged in conduct that violates COPPA.  See <u>Garcia v. Hatch Valley Pub. Schs.</u>, 458 P.3d 378, 384 (N.M. 2018) (looking to interpretations of federal employment discrimination law under Title VII of the Civil Rights Act of 1964 for "guidance" in interpreting an employment discrimination claim under the New Mexico Human Rights Act, and "emphasiz[ing] that interpretations of federal law are merely persuasive and that we analyze claims under the NMHRA based upon the statute and our interpretation of the Legislature's intent") (citing <u>Smith v. FDC Corp.</u>, 787 P.2d 433, 436 (N.M. 1990)).

Because the Court finds that the State's claims do not necessarily raise a federal law issue, this case does not pose a substantial question of federal law, the Court lacks subject matter jurisdiction, and the Court need not address whether the federal issue is actually disputed, substantial, or capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  See <u>Devon Energy</u>, 693 F.3d at 1208-09 (finding that the plaintiff failed to establish "substantial question" federal jurisdiction under <u>Grable</u>'s first two factors, and

9

declining to address the other two factors). Because the Court lacks subject matter jurisdiction, this case must be remanded to New Mexico state court. 28 U.S.C. § 1447(c).

Although the Court finds that there is no federal subject matter jurisdiction in this case, it declines to award the State attorneys' fees and costs. While Section 1447(c) broadly provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal[,]" id., the Supreme Court has stated: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Here, the Court cannot find that removal was objectively unreasonable. Consequently, the Court denies the State's request for attorneys' fees and costs.

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff State of New Mexico's Corrected Renewed Motion to Remand, ECF No. 30, is **GRANTED**;

2. This case is **REMANDED** to the First Judicial District Court for the County of Santa Fe, New Mexico; and

3. The Clerk shall take all necessary steps to effectuate this remand and **CLOSE** this case.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE